|   |   |
|---|---|
| VANESSA CUIRIZ-LOPEZ; and STEVEN LOPEZ, | Case No.: 24-CV-2135-BEN-MSB |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| UNITED STATES OF AMERICA, | **[ECF No. 8]** |
| Defendant. | |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

## INTRODUCTION

This action involves Plaintiff Steven Lopez's claim for loss-of-consortium arising from a collision involving his wife Vanessa Cuiriz-Lopez. Defendant's motion focuses on Lopez's compliance with the procedural requirements of the Federal Tort Claims Act's ("FTCA"), 28 U.S.C.§§ 2401(b) and 2675(a), and whether the United States Navy is a proper defendant under the FTCA.[1]

## BACKGROUND

On November 22, 2022, Ms. Cuiriz-Lopez was involved in a collision with

---

[1] Ms. Cuiriz-Lopez's negligence claim against the United States proceeds separately and is not addressed in this Order.

Defendant Hruby, who was acting within the scope of her employment with the Navy Exchange Service Command. Due to Ms. Cuiriz-Lopez's injuries, Lopez seeks damages for loss-of-consortium.

**PROCEDURAL HISTORY**

Plaintiffs originally filed their Complaint in the Superior Court of California, County of San Diego (Case No. 24CUO19255C), on October 24, 2024 alleging negligence (Ms. Cuiriz-Lopez) and loss-of-consortium (Lopez) against Hruby and the United States Navy. On November 14, 2024, the Navy removed the action to this Court pursuant to 28 U.S.C.§ 1442(a)(1). Defendant filed a Notice of Substitution accompanied by the Attorney General's delegee's certification that Hurby was acting within the scope of her employment at the time of the accident. This Court approved the substitution on November 20, 2024. Defendant subsequently filed a Motion to Dismiss on January 13, 2025.

**LEGAL STANDARD**

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the Court's subject-matter jurisdiction. Federal courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S.375, 377 (1994). Subject-matter jurisdiction is a threshold issue that cannot be forfeited or waived. *Arbaugh v. Y & H Corp*., 546 U.S.500, 514 (2006). A party may raise a jurisdictional challenge at any stage of litigation. *See Id*. at 506 (citing Fed. R. Civ. P. 12(b)(1), 12(h)(3)). Jurisdiction is presumed absent unless the party asserting it affirmatively demonstrates its existence. *See Kokkonen*, 511 U.S. at 377. The plaintiff bears the burden of establishing that jurisdiction is proper, even when the defendant moves to dismiss. *Liggett v. Utah Higher Educ. Assistance Auth*., No.8:19-cv-01589-JLS-ADS, 2020 WL 1972286, at *2 (C.D. Cal. Feb.3, 2020); *see also Sopcak v. N. Mountain Helicopter Serv*., 52 F.3d 817, 818 (9th Cir.1995). If the Court determines it lacks subject-matter jurisdiction, dismissal of the claim is mandatory. Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### Federal Tort Claims Act

#### 1. Waiver of Sovereign Immunity & Exclusive Remedy

The FTCA waives the United States' sovereign immunity for certain tort claims "under circumstances where the United States, if a private person, would be liable to the claimant" under applicable state law. 28 U.S.C. § 1346(b)(1). It provides the exclusive remedy for tortious conduct by federal employees acting within the scope of their employment. 28 U.S.C. § 2679; *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998).

#### 2. Proper Defendant

Under the FTCA, "[t]he United States is the only proper defendant." *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995). Federal agencies, such as the United States Navy, cannot be sued *eo nomine* under the FTCA absent explicit statutory authorization, which is not present here. *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984).

Here, Plaintiffs named the United States Navy as a defendant. Because the FTCA designates the United States as the only proper defendant, the Navy must be dismissed from this action. Additionally, following the Attorney General's delegee's certification that Hruby acted within the scope of her employment, the United States was statutorily substituted for Ms. Hruby under 28 U.S.C. § 2679(d)(1); *Pauly v. USDA*, 348 F.3d 1143, 1150–51 (9th Cir. 2003). This substitution, approved by the Court, requires dismissal of Hruby from the case. *See Id.*

#### 3. Exhaustion Requirement

The FTCA bars suits against the United States unless the claimant first presents an administrative claim and receives a final denial or waits six months without a decision. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111–13 (1993). This exhaustion requirement is jurisdictional and non-waivable. *Jerves v. United States*, 996 F.2d 517, 519 (9th Cir. 1992). Additionally, under 28 U.S.C. § 2401(b), the administrative claim must be submitted within two years of the claim's accrual. Failure

to comply with this deadline precludes federal court jurisdiction. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 1995). Plaintiffs must affirmatively allege and prove compliance with these timeliness requirements. *Gillespie v.Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980). Here, Lopez did not file an administrative claim with the Navy for his loss-of-consortium claim within the two-year period following the collision. Because Lopez failed to timely present his claim, the Court lacks jurisdiction over his loss-of-consortium claim.

**CONCLUSION**

Lopez failed to file and exhaust an administrative claim for loss of consortium within the two years required by 28 U.S.C. § 2401(b), rendering his claim time-barred and depriving this Court of subject-matter jurisdiction. Further, the United States Navy is not a proper defendant under the FTCA, as the United States is the sole permissible defendant. Accordingly, the Court **GRANTS Defendant's Motion to Dismiss as follows:**

1. Lopez's loss-of-consortium claim is **DISMISSED WITH PREJUDICE** for lack of subject-matter jurisdiction.
2. The United States Navy is **DISMISSED WITH PREJUDICE** from this lawsuit.
3. Cuiriz-Lopez's negligence claim against the United States remains pending.

**IT IS SO ORDERED.**

DATED:    March 7, 2025

**HON.ROGER T.BENITEZ**
United States District Judge